IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| JOHN G. CARPENTER, JR. | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:17-cv-00176 |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |

## ANSWER

COMES NOW the Defendant, United States of America, by William J. Powell, United States Attorney for the Northern District of West Virginia, and Erin Carter Tison, Assistant United States Attorney for the Northern District of West Virginia, and for its Answer to the Complaint filed against it states as follows:

## FIRST DEFENSE

1. This Paragraph sets forth Plaintiff's description of the nature of the action; to the extent that this is a factual averment, the United States does not have sufficient information to form a belief, and any such factual averment is denied. To the extent that this Paragraph contains conclusions of law, no response is required. By way of further response, the United States avers that this Action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. 2674 *et seq*.

2. This Paragraph contains a conclusion of law to which no response is required.

3. This Paragraph contains a conclusion of law to which no response is required.

4. The United States admits that Jodie Howell, M.D. was a licensed physician practicing in the state of West Virginia at the times relevant to the Complaint, and was Board Certified by the American Board of Family Practice.

5. This Paragraph contains a conclusion of law to which no response is required. To the extent a response is required, the United States of America admits that Jodie Howell, M.D. was an employee of deemed federal health center Clay-Battelle Health Services Association, and was acting in her scope of employment, and therefore is deemed a federal employee for the purposes of the Federal Tort Claims Act. Any remaining averments or characterizations are denied.

6. The United States of America admits that Plaintiff was a patient of Clay-Battelle Health Services Association, and was treated by Jodie Howell, M.D.

7. The United States of America repeats as though fully set forth herein each Answer to the allegations set forth in the foregoing paragraphs.

8. The United States of America admits that Plaintiff reported to his healthcare providers on April 6, 2016 that he began experiencing back pain related to his pulling a muscle while changing a tire on or about April 4, 2016. The United States of America admits that Plaintiff was treated at Clay-Battelle Health Services Association for skin lesions where a culture showed MRSA growth, for which Plaintiff was prescribed antibiotic treatment. The United States of America admits that, on April 6, 2016, Plaintiff was examined by Jodie Howell, M.D., who noted that Plaintiff had a regular pulse of 100 and that Plaintiff had a history of diabetes with neuropathy, hyperlipidemia and hypertension. The United States of America also admits that Plaintiff had a large muscle spasm in the left upper lumbar region that was larger than Dr. Howell's fist, tender to palpation but without spiny tenderness, and normal deep tendon reflex. Plaintiff's allegation regarding what should have been known is a legal conclusion to which no response is required. To the extent there are any remaining factual averments in this Paragraph, they are denied.

9. This Paragraph contains conclusions of law to which no response is required. To the extent that a response is required, the United States of America admits only that Jodie Howell, M.D. did not order a sedimentation rate nor a CT scan on April 6, 2016, nor did Dr. Howell, on that date, transfer Plaintiff to a hospital. It is specifically denied that Dr. Howell failed to order a CBC with differential; Plaintiff's CBC with differential taken on April 6, 2016 was in the normal range. It is denied that Dr. Howell did not acknowledge Plaintiff's lesions, to the contrary, Dr. Howell noted that, upon examination, the lesions were healing well. It is admitted that, on April 6, 2016, Dr. Howell prescribed cyclobenzaprine HCL 10 MG every 8 hours as needed X 60, no refill, and hydrocodone-acetaminophen, 5-325 MG every six hours, as needed, X 40, no refill. It is denied that Dr. Howell "sent Plaintiff home on Neurontin"; instead, Dr. Howell continued Plaintiff's Neurontin treatment for his diabetic neuropathy. The United States of America is without information sufficient to form a belief as to Plaintiff's alleged pain, and therefore that averment is denied. To the extent there are any remaining factual averments in this Paragraph, they are denied.

10. Upon information and belief, Plaintiff presented to WVU hospital with a chief concern of high blood sugar and altered mental status. Upon information and belief, Plaintiff was discharged from WVU hospital with discharge diagnoses of epidural abscess (embolic) of spinal cord, hypokalemia, quadriplegia following spinal cord injury, MRSA bacteremia, morbid obesity, insulin dependent diabetes mellitus, and essential hypertension; Plaintiff had resolved hospital problems of diabetic ketoacidosis, hypokalemia, pneumonia, and hyperglycemia. The United States of America is without sufficient information to form a belief as to Plaintiff's remaining factual averments in this Paragraph, and therefore they are denied.

11. This Paragraph contains conclusions of law to which no response is required. To the extent that a response is required, any averments are denied.

12. This Paragraph contains conclusions of law to which no response is required. To the extent that a response is required, any averments are denied.

13. This Paragraph contains conclusions of law to which no response is required. To the extent that a response is required, any averments are denied.

14. The United States of America repeats as though fully set forth herein each Answer to the allegations set forth in the foregoing paragraphs.

15. The United States of America admits that Jodie Howell, M.D. was hired by Clay-Battelle Health Services Association, and her job duties included providing medical care to patients. Any remaining averments or characterizations are denied.

16. This Paragraph contains conclusions of law to which no response is required. To the extent that a response is required, any averments are denied.

17. This Paragraph contains conclusions of law to which no response is required. To the extent that a response is required, any averments are denied.

18. This Paragraph contains conclusions of law to which no response is required. To the extent that a response is required, any averments are denied.

19. This Paragraph contains conclusions of law to which no response is required. To the extent that a response is required, any averments are denied.

20. This Paragraph contains conclusions of law to which no response is required. To the extent that a response is required, any averments are denied.

WHEREFORE, the United States of America denies that Plaintiff has the right to any relief and respectfully requests that the Complaint be dismissed with prejudice and that it be awarded its costs and such other relieve as the Court may deem just.

## SECOND DEFENSE

The United States of America through its employees, agents, and servants, acted at all relevant times with due care and diligence, and therefore, the United States could not have breached any actionable duty owed to Plaintiff.

## THIRD DEFENSE

If the United States of America was negligent, which is specifically denied, the negligence of other parties contributed to causing the Plaintiff's injuries, damages and losses and any recovery, must be proportionately reduced.

## FOURTH DEFENSE

If the United States of America was negligent, which is specifically denied, such negligence is not the cause in fact or proximate cause of the alleged damages suffered by the Plaintiff.

## FIFTH DEFENSE

If the United States of America was negligent, which is specifically denied, the Plaintiff assumed the risk of any injury.

## SIXTH DEFENSE

If the United States of America was negligent, which is specifically denied, under the Federal Tort Claims Act, the United States of America may be held liable only in the same manner and to the same extent as a private individual under like circumstances.

## SEVENTH DEFENSE

The Plaintiff's injuries and damages were caused, in whole or in part, by the Plaintiff's negligence.

## EIGHTH DEFENSE

The United States of America is not liable for attorney's fees except as provided for by the Federal Tort Claims Act. 28 U.S.C. § 2678.

## NINTH DEFENSE

The United States of America is not liable for interest nor punitive damages as a matter of law. 28 U.S.C. § 2674.

## TENTH DEFENSE

The Plaintiff's claim for damages is limited to the damages recoverable under the FTCA.

## ELEVENTH DEFENSE

The Plaintiff's recovery of damages, if any, is subject to the limitations imposed by West Virginia law.

## TWELFTH DEFENSE

Any recovery by Plaintiff is subject to the availability of appropriated funds. 42 U.S.C. §233(k).

## THIRTEENTH DEFENSE

To the extent that any of Plaintiff's claims were not the subject of an administrative tort claim, this Court lacks jurisdiction over those claims. 28 U.S.C. § 2675(a).

## FOURTEENTH DEFENSE

The damages sought by Plaintiff are limited to the amount set forth in her administrative claim. 28 U.S.C. § 2675(b).

## FIFTEENTH DEFENSE

The Plaintiffs have no right to a jury trial.  28 U.S.C. §2402.

## SIXTEENTH DEFENSE

The United States of America asserts that it has, or may have, additional affirmative defenses which are not known to United States of America at this time, but which may be ascertained through discovery.  The United States of America specifically preserves these and other affirmative defenses as they are ascertained through discovery.

Respectfully submitted,

WILLIAM J. POWELL
UNITED STATES ATTORNEY

By:   /s/ *Erin Carter Tison*
      Assistant United States Attorney
      WV Bar # 12608
      United States Attorney's Office
      P.O. Box 591
      Wheeling, WV 26003
      Phone:  (304) 304-0100
      Fax:    (304) 304-0112
      E-Mail:  Erin.Tison@usdoj.gov

## CERTIFICATE OF SERVICE

I, Erin Carter Tison, hereby Certify that on December 18, 2017, a true and correct copy of the foregoing Answer has been filed with the Court's CM/ECF system which will provide a copy to all counsel of record.

By: /s/ *Erin Carter Tison*
Assistant United States Attorney
WV Bar # 12608
United States Attorney's Office
P.O. Box 591
Wheeling, WV 26003
Phone: (304) 304-0100
Fax: (304) 304-0112
E-Mail: Erin.Tison@usdoj.gov